FILED

AUG 2 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BHAGWATI BANSAL
19508 Brassie Place
Gaithersburg, MD 20879

    Plaintiff

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
600 Fifth Street, N.W.
Washington, D.C. 20001

    Defendant

CASE NUMBER 1:05CV01696

JUDGE: Paul L. Friedman

DECK TYPE: Employment Discrimination

DATE STAMP: 08/25/2005

PLAINTIFF DEMANDS A TRIAL BY JURY

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. This action is brought on behalf of Plaintiff Bhagwati Bansal to pursue his rights and to obtain relief for the violations by Defendant Washington Metropolitan Transit Authority ("WMATA") of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and of The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 *et seq.*

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-(5)(f) and 28 U.S.C. § 1343.

3. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et. seq.*

4. Defendant at all times relevant hereto employed more than 500 employees.

1

5. Plaintiff is a citizen in the United States.

6. Plaintiff was born in Agra, India.

7. Plaintiff was employed initially by Defendant in 1981 as a Mechanical Engineer.

8. In October 1994, Plaintiff was demoted to a position as a BUSV Management Assistant (TA-16) from a Capital Program Coordinator (TA-20) position in relevant part because of his national origin.

9. Plaintiff's efforts to regain his former position or one comparable have been thwarted by Defendant.

10. Plaintiff has protested and opposed what he believed in good faith to be Defendant's unlawful conduct specifically, since 1985, Plaintiff resisted what he believes was national origin discrimination, racial discrimination, age discrimination, sex discrimination and retaliation against him because he protested and opposed the foregoing alleged discrimination.

11. In August 2003, Plaintiff, due to a disability, was required to have surgery and was scheduled to be out on disability until December 1, 2003.

12. Because of complications arising out of the surgery, Plaintiff requested of Defendant on November 1, 2003 that he be able to telecommute for a period of six months.

13. On November 13, 2003, Defendant notified Plaintiff that his job was being eliminated as a part of a reduction in force due to business circumstances and organizational goals, effective January 10, 2004.

14. Plaintiff was officially terminated on February 1, 2004 as a BUSV Management Assistant (TA-16) in relevant part, because of his national origin, sex, age and disability.

15. Plaintiff further asserts that his termination by reduction in force is also retaliation for his protest against the foregoing discrimination in addition to his recent disability.

16. Defendant's conduct caused and will cause Plaintiff to lose wages and other economic benefits of employment.

17. Defendant's conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

18. All conditions precedent to this litigation have been performed or have occurred as those terms are used in the law.

19. WHEREFORE, Plaintiff prays judgment interest and other relief as appropriate under the law.

20. Plaintiff seeks a jury trial for all legal claims.

Respectfully Submitted,

Gary T. Brown
D.C. Bar No. 246314
Gary T. Brown & Associates, P.C.
320 Maryland Avenue, N.E.
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff