**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BHAGWATI BANSAL<br>19508 Brassie Place<br>Gaithersburg, MD 20879,<br><br>       Plaintiff,<br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th St., N.W.<br>Washington, D.C. 20001,<br><br>       Defendant. | :<br>:<br>:<br>:<br>:   C.A. No. 05-1696 (PLF)<br>:<br>:<br>:<br>:<br>: |

## ANSWER OF
## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA")

Comes now defendant WMATA and answers the Complaint herein as follows:

1. No response required, but to the extent one is required the allegations are denied.

2. WMATA admit jurisdiction under 42 U.S.C. §2000e-(5)(f) but denies jurisdiction under 28 U.S.C. §1343.

3. WMATA admits the allegations of paragraph three of the Complaint.

4. WMATA admits the allegations of paragraph four of the Complaint.

5. WMATA admits the allegations of paragraph five of the Complaint without knowledge to deny.

6. WMATA admits that plaintiff was born in India but is without knowledge regarding plaintiff's birthplace and therefor denies the remaining allegations of paragraph six of the Complaint.

7. WMATA admits the allegations of paragraph seven of the Complaint.

8. WMATA admits that in 1994 plaintiff was reassigned from a TA-20 Capital Program Coordinator to a TA-16 Bus Management assistant but denies the remaining allegations of paragraph eight of the Complaint.

9. WMATA denies the allegations of paragraph nine of the Complaint.

10. The allegations in this paragraph are to vague to form a response and so to the extent a response is required, WMATA denies the allegations of paragraph ten.

11. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph eleven of the Complaint; but to the extent a response is required, they are denied.

12. Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph twelve of the Complaint; but to the extent a response is required, they are denied.

13. Admitted.

14. WMATA denies the allegations of paragraph fourteen of the Complaint.

15. WMATA denies the allegations of paragraph fifteen of the Complaint.

16. WMATA denies the allegations of paragraph sixteen of the Complaint.

17. WMATA denies the allegations of paragraph seventeen of the Complaint.

18. The allegations in this paragraph are to vague to form a response and so to the extent a response is required, WMATA denies the allegations of paragraph 18.

19. No response is required since this is a demand for relief, but to the extent one is required, it is denied.

20. No response required since this is a jury demand.

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

WMATA reserves the right to argue that Plaintiff has failed to exhaust fully his administrative remedies.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that WMATA be awarded its attorneys' fees and the costs of responding to this law suit.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel


Mark F. Sullivan #430876
Deputy General Counsel


Bruce P. Heppen #252171
Associate General Counsel


Attorneys for WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2569