IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BHAGWATI BANSAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | C. A. No.05-1696 (PLF) |
| ) | |
| ) | |
| WMATA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**<u>PARTIES' JOINT REPORT ON THE MEET AND CONFER CONFERENCE</u>**

COME NOW the parties, by and through their undersigned counsel, and hereby submit this report of their conference pursuant to United States District Court for the District of Columbia Local Rule 16.3, held by telephone on October 30, 2005.

1. Plaintiff does not believe that this matter is likely to be disposed of by dispositive motion. The defendant believes such disposition is likely and intends to file a motion upon the completion of discovery.

2. No amendments are contemplated. The parties are also hopeful that the factual and legal issues in this matter may be narrowed and/or agreed upon at the completion of discovery.

3. The parties do not agree to the assignment of a magistrate judge for all purposes, including trial in this matter.

4. Plaintiff is open to settlement discussions. Defendant does not believe that there is a reasonable likelihood of settlement on the claims contained in the complaint.

1

5. Plaintiff believes that this case could benefit from the Court's alternative dispute resolution (ADR) procedures, specifically mediation, but that referral to ADR should await the completion of discovery. Defendant does not believe that referral to ADR is appropriate at this stage, where it is contemplating a motion for summary judgment on all claims contained in the complaint.

6. Plaintiff does not believe that summary judgment or motions to dismiss will resolve this matter. Defendant submits that the matter may be resolved by a motion for summary judgment. The parties agree that any dispositive motions should be filed no later than forty five (45) days after the close of discovery, with the opposition filed thirty (30) days after the movant files, and the reply filed fifteen (15) days after the opposition.

7. The parties agree to provide the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P. by December 1, 2005.

8. The parties agree that the period for discovery should be 180 days following the issuance of the Scheduling Order. The parties agree that presumptive limits on interrogatories and depositions will be sufficient. See Fed. R. Civ. P. 30(a)(2)(A) and 33(a).

9. The parties agree that there is no need to modify the requirement of exchanging expert witness reports pursuant to Fed. R. Civ. P. Rule 26(a)(2).

10. Not applicable.

11. The parties agree there is no need for bifurcation of this matter.

12. The parties agree that the pretrial conference should not be set until after the Court's decision on any motion for summary judgment.

13. Plaintiff believes that the Court should set a trial date in this matter at the initial

scheduling conference. Defendant believes that such date should not be set until after the Court's decision on defendant's motion for summary judgment.

Dated:

Respectfully submitted,

_____                                       _____
Gary T. Brown                                                              Bruce P. Heppen, Esq.
D.C. Bar # 246314                                                        D.C. Bar # 252171
320 Maryland Ave., N. E.                                            600 5th St., N.W.
Washington, D.C. 20002                                            Washington, D.C. 20001
(202) 393-4900                                                              (202) 962-2569
Counsel for Plaintiff                                                      Counsel for Defendant