IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI BANSAL | : | |
|     Plaintiff, | : | |
| v. | | C.A. No. 05-1696 (PLF) |
| | : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | : | |
|     Defendant. | : | |

**DEFENDANT'S UNOPPOSED MOTION
FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby moves the Court for leave to file an Amended Answer to the Amended Complaint to incorporate an additional affirmative defense of statue of limitations. Counsel for Defendant has contacted plaintiff's counsel, and he stated that he does not oppose this Motion. This Motion is made pursuant to Fed. R. Civ. P. 15(a) on the grounds that leave to amend should be liberally granted and no undue prejudice will occur to plaintiff by reason of this amendment.

**DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading... by leave of Court. . . and leave shall be freely granted." In the case at hand, it has recently come to counsel's attention that plaintiff's claims are

1

barred by the 180 day statute of limitations under Title VII, which runs from the time he had notice of the termination. See Delaware State College v. Ricks, 449 U.S. 250 (1980). The standard for leave to amend a pleading, whether it be a complaint or answer, is set forth in the Supreme Court's decision in Foman v. Davis, 371 U.S. 178, 182 (1962):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

Delay, in this context, requires prejudice. As this Circuit recognized in Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999), "[a]lthough this Circuit has recognized undue delay as a basis for denying a motion to amend, we have done so only where plaintiffs sought to add new factual allegations."(citing Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F. 2d 243, 247 (D.C. Cir. 1987)).[1] "Where an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for

---

[1] By contrast, in Williamsburg Wax Museum, "appellant Gatlinburg attempted to raise an entirely new issue by amendment, [seven] years after it had filed its original complaint, after the parties had conducted extensive discovery, and after the district court had granted a summary judgment motion against the museum. Gatlinburg offered no explanation for its tardiness. In addition, the secondhand market issue was not related to the issues raised in Gatlinburg's original complaint, and therefore a new round of discovery would have been required. Under these circumstances, when so much time has passed and where the movant has had abundant opportunity over the course of a half-dozen years to raise the issue, the district court's denial of the motion for leave to amend was fully warranted." Id at 247.

denying the motion." Id.  "Unless a defendant is prejudiced on the merits by a change in legal theory,. . . a plaintiff is not bound by the legal theory on which he or she originally relied."  Id. 174 F. 3d at 253 (quotes and citations omitted).

Applying these standards, in Nurriddin v. Goldin, 382 F. Supp. 2d 79, 91-92 (D.D.C. 2005) Judge Bates granted defendant leave to amend the answer in a Title VII case to add the affirmative defense of exhaustion of administrative remedies in conjunction with its motion for summary judgment.   Amendment was allowed where eleven months passed between the filing of the answer and the motion to amend and where the only prejudice alleged was the necessity of having to respond to the defense.  Indeed, the court held that "Generally, under Rule 15(a) the non-movant bears the burden of persuasion that a motion to amend should be denied."  Id at 88.   In Haynie v. Veneman, 272 F.Supp.2d 10, 18 -19 (D.D.C. 2003), this Court granted leave to amend, where the motion to amend the complaint was filed 15 months after suit was first filed and after Defendant had filed its motion to dismiss.   The court rejected the defendant's argument that it would suffer prejudice, "on the ground that allowing plaintiff to amend her complaint 'represents the difference between having to defend against the claim or not,' finding that such "prejudice" is not the sort intended to be prevented by the Court at plaintiff's expense." The court granted leave to amend, where defendant offered no evidence of bad faith or dilatory motive on plaintiff's part, and had not asserted that it lacked notice of plaintiff's timely claims prior to her motion to amend her complaint.   In Dove v. WMATA, 221 F.R.D. 246 (D.D.C. 2004), Judge Urbina granted WMATA's motion to amend the answer to allege the affirmative defense of res judicata.  The court held that, "As the D.C. Circuit teaches, a court should not deny leave to amend based

solely on the time elapsed between the filing of the complaint and the request for leave to amend. Id. at 248. The court further held that "[u]ndue prejudice is not mere harm to the non-movant but a denial "of the opportunity to present facts or evidence which would have [been] offered had the amendment been timely."Id. (quoting Foremost-McKesson, Inc. v. Islamic Republic of Iran, 1988 WL 122568 at *4 (D.D.C. 1988), aff'd 905 F.2d 438 (D.C. Cir. 1990). In each case, the court determined that the delay was not undue and plaintiff would not be prejudiced.

In the case at hand, no undue prejudice will occur to plaintiff from allowing the amendment. Discovery has not yet begun, indeed, it will likely be stayed pending resolution of Defendant's summary judgment motion; no additional discovery will be necessary, the pretrial has yet been scheduled, and the existence of the underlying facts has been well known to plaintiff and the defendant from the face of the pleadings.[2] As set forth in Harrison, leave to amend the answer should be granted to allege a new legal theory on facts already in the case. No bad faith or dilatory facts exists by virtue of defendant's' failure to seek leave prior to this time, and allowance of leave will simply

---

[2] The mere fact that the amendment will create grounds for a dispositive motion is not "undue" prejudice. As Judge Flannery observed, "any amendment designed to strengthen the other side's care will in some way harm the opponent," it does not follow that such an amendment must be "unduly" prejudicial. Foremost-McKesson 1988 WL at *7 (quoted in Dove, 221 F.R.D. at 248, n.3).

allow the answer to conform to the proof to be submitted at trial.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel

Mark F. Sullivan #430876
Deputy General Counsel

Bruce P. Heppen #252171
Associate General Counsel
202) 962-2569

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820

600 Fifth Street, N.W.
Washington, D.C. 20001

Attorneys for Defendant WMATA
