**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BHAGWATI BANSAL                          :

       Plaintiff,                       :

v.                                                    C.A. No. 05-1696 (PLF)

                                      :

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY              :

       Defendant.                      :


## <u>WMATA's AMENDED ANSWER TO THE AMENDED COMPLAINT</u>

Comes now defendant WMATA and answers the Complaint herein as follows:

1.      No response is required, but to the extent one is required the allegations are denied.

2.      WMATA admits the allegations of paragraph two of the Amended Complaint.

3.      WMATA admits the allegations of paragraph three of the Amended Complaint.

4.      WMATA admits the allegations of paragraph four of the Amended Complaint.

5.      WMATA admits the allegations of paragraph five of the Amended Complaint without knowledge to deny.

6.      WMATA admits that plaintiff was born in India but is without knowledge regarding plaintiff's birthplace and therefore denies the remaining allegations of paragraph six of the Amended Complaint.

7.      WMATA admits the allegations of paragraph seven of the Amended

Complaint.

8.      WMATA admits that in 1994 plaintiff was reassigned from a TA-20 Capital Program Coordinator to a TA-16 Bus Management assistant but denies the remaining allegations of paragraph eight of the Amended Complaint.

9.      WMATA denies the allegations of paragraph nine of the Amended Complaint.

10.     The allegations in this paragraph are too vague to form a response and so to the extent a response is required, WMATA denies the allegations of paragraph ten.

11.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph eleven of the Amended Complaint; but to the extent a response is required, they are denied.

12.     Defendant is without sufficient knowledge or information to either admit or deny the allegations of paragraph twelve of the Amended Complaint; but to the extent a response is required, they are denied.

13.     Admitted.

14.     WMATA denies the allegations of paragraph fourteen of the Amended Complaint.

15.     WMATA denies the allegations of paragraph fifteen of the Amended Complaint.

16.     WMATA denies the allegations of paragraph sixteen of the Amended Complaint.

17.     WMATA denies the allegations of paragraph seventeen of the Amended Complaint.

18.    The allegations in this paragraph are too vague to form a response and so to the extent a response is required, WMATA denies the allegations of paragraph 18.

19.    No response is required since this is a demand for relief, but to the extent one is required, it is denied.

20.    No response required since this is a jury demand.

### First Affirmative Defense

_____Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

WMATA reserves the right to argue that Plaintiff has failed to exhaust fully his administrative remedies.

### Third Affirmative Defense

_____Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered the Amended Complaint, WMATA respectfully requests that this matter be dismissed and that WMATA be awarded its

attorneys' fees and the costs of responding to this law suit.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel

Mark F. Sullivan #430876
Deputy General Counsel

Bruce P. Heppen #252171
Associate General Counsel
(202) 962-2569

David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820

600 Fifth Street, N.W.
Washington, D.C. 20001

Attorneys for Defendant WMATA