### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI BANSAL | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-1696 (PLF) |
| | : | |
| WASHINGTON METROPOLITAN | : | |
| AREA TRANSIT AUTHORITY | : | |
| | : | |
| | : | |
| Defendant. | : | |

### MOTION TO STAY DISCOVERY

Defendant WMATA hereby moves the Court to stay discovery in this case pending resolution of WMATA's Motion for Summary Judgment, which will be dispositive of this matter.

### MEMORANDUM IN SUPPORT OF MOTION TO STAY

Pursuant to Fed. R. Civ. P. Rules 16, 26(c) and (f) and the Court's inherent power to manage its docket, WMATA moves for a stay of discovery pending resolution of its Motion for Summary Judgment. [1] Resolution of the Motion for Summary Judgment will not require any discovery on the merits of the case since the main argument, failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") within the 180 day statute of limitations, is evident on the face of the complaint and the

---

[1] Counsel for Defendant conferred with counsel for plaintiff, who does not consent to this Motion.

1

face of the charge with the EEOC.[2]   Defendants are moving, also, on the grounds that

plaintiff fails to state a *prima facie* case because he voluntarily retired.   Plaintiff has

recently served discovery on defendants seeking voluminous information on all

reductions in force from January 2000 through 2004, among other things.  This

discovery is unnecessary to resolve the statute of limitations or *prima facie* case issues.

Granting this stay will obviate the need to resolve issues relating to the scope of

discovery.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel

Mark F. Sullivan #430876
Deputy General Counsel

Bruce P. Heppen #252171
Associate General Counsel
202) 962-2569

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820

600 Fifth Street, N.W.
Washington, D.C. 20001
Attorneys for Defendant WMATA

---

[2]     The Complaint indicates that plaintiff received notice of the challenged
reduction in force on November 13, 2003, but did not file his charge until June 28, 2004.
The charge is therefore untimely.  See Delaware State College v. Ricks, 449 U.S. 250
(1980)(statute of limitations runs from time of notice of termination, not last day
worked).