**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BHAGWATI BANSAL | : |
|     Plaintiff, | : |
| v. | C.A. No. 05-1696 (PLF) |
| | : |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | : |
|     Defendant. | : |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby moves for summary judgment in the above-captioned action relating to plaintiff's loss of employment due to a reduction in force ("RIF"). Plaintiff alleges that the RIF was based on his national origin, sex, disability and retaliation.

This Motion is made on the grounds that plaintiff failed to file his administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within the 180 day statute of limitations and that, even if he did, he suffered no adverse action to state a *prima facie* case.[1]

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

[1] WMATA notes that there are other grounds on which summary judgment might be granted, but as discussed during the last status conference, this motion is being filed before meaningful discovery has ensued and WMATA is filing a motion to stay discovery, except as authorized under Fed. R. Civ. P. 56(f). Among the issues which WMATA reserves the right to address at a later stage, should summary judgment be denied are whether plaintiff can establish that the articulated reason for the RIF is pretextual.

**I   FACTUAL BACKGROUND**

Plaintiff Bhagwati Bansal was notified on November 13, 2003 that his position as a BUSV Management Assistant would be eliminated on January 10, 2004. Complaint ¶ 13. Statment of Material Facts Not in Dispute ("SMF") ¶ 4. On January 16, 2004 he filed for early retirement to be effective February 1, 2004, which request was granted. SMF ¶ 5. He retired on February 1, 2004. SMF ¶ 6.

Plaintiff filed a Charge with the EEOC on June 28, 2004 alleging discrimination on the basis of sex, national origin, retaliation, age and disability. SMF ¶ 7. In his Amended Complaint in this Court he alleges only national origin, sex, disability and retaliation discrimination. The age discrimination claim was earlier dismissed by the Court.

**II.   PLAINTIFF FAILED TO FILE WITHIN THE 180 STATUTE OF LIMITATIONS**

Title VII claims against WMATA are governed by the 180 day statute of limitations. 42 U.S.C. § 2000e-5(e)(1). See Washington v. WMATA, 160 F.3d 750, 752 (D.C. Cir. 1998). To calculate this time period, the "proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon v. Fernadez, 454 U.S. 6, 8 (1981), affirming Delaware State College v. Ricks, 449 US. 250, 258 (1980). Accord Saunders v. District of Columbia, Slip Op. No. 02-1802 (CKK), 2005 WL 3213984, *6 (D.D.C. 2005); Morgan v. Federal Home Loan Mortg. Corp. 172 F.Supp.2d 98, 108 (D.D.C.,2001)(claims would have accrued when plaintiff was told that he would not be hired, not when someone else was selected for the position, citing Ricks, 449 U.S. at 256-58); Harris v. Ladner, 127 F.3d 1121, 1124

(D.C.Cir.1997) (holding that statute of limitations commences when final decision made and communicated to plaintiff); Thompson v. Capitol Police Bd. 120 F.Supp.2d 78, 82 (D.D.C.2000) ([T]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful.) (citation omitted).

In Ricks, the plaintiff was given notice that he was going to be denied tenure over one year prior to his actual termination, because it was the practice of the college to grant a one-year nonrenewable contract to teachers who were denied tenure.  The Court held that it was the notice of denial of tenure that triggered the statute of limitations on Rick's denial of tenure claim, not the actual date he stopped working.   Similarly, in Chardon, the plaintiffs were given notice prior to June 18, 1977 that their appointment would terminate at a specified date between June 30 and August 8, 1977, and plaintiff Fernandez filed his complaint under 42 U.S.C. § 1983 on June 19, 1978.  The Court held that the suit was barred by the applicable one year statute of limitations, following Ricks.

The Chardon decision sparked a vigorous dissent from Justice Brennan, who also dissented in Ricks.  He stated:

> It is one thing to hold, as was held in [Ricks] that for the purpose of computing the limitations period, a cause of action for denial of a benefit such as tenure, and consequent damage, accrues when the plaintiff learns that he *has been* denied that benefit; it is quite another to hold, as the Court does here, that a cause of action for damages resulting from an unconstitutional termination of employment accrues when the plaintiff learns that he *will be* terminated.

454 U.S. at 9 (emphasis in original)(Brennan, J., dissenting).  That is exactly the situation in the case at hand.  Bansal learned of his termination on November 13, 2003,

therefore his cause of action for termination of employment accrued on that date, when he learned that he *will be* terminated.

Plaintiff waited 230 days after receiving notice of his RIF to file a charge with the EEOC. Plaintiff was already represented by counsel in prior related proceedings before this Court. The fact that plaintiff was given the opportunity to remain on the payroll during the period between the time of his notice and the time of his termination is no different that the period of one year employment the plaintiff in Ricks had after his notice that he would not be getting tenure. Since plaintiff received notice of the RIF on November 13, 2003, he should have filed with the EEOC on May 11, 2004. He filed, instead on June 28, 2004. His failure to timely file must result in dismissal of his claims. See Thompson v. Washington Metropolitan Area Transit Authority, Slip Op. 99-2638 (ESH), (D.D.C. 2000)(copy attached), aff'd mem., 2001 WL 115420 (D.C. Cir. 2001)(per curiam). In Thompson, Judge Huvelle held:

> Mr. Thompson received notice of his demotion on October 6, 1998, and the demotion was effective October 25, 1998. Under the Supreme Court's holding in [Ricks], the time for filing a charge ran from the date that plaintiff was informed of the allegedly discriminatory act, and thus, Mr. Thompson was obligated to file his EEOC charge 180 days from WMATA's final decision to demote him – i.e. on or before April 4, 1999. However, Mr. Thompson filed with the EEOC on July 29, 1999.. . .Since Mr. Thompson's EEOC charge was not timely filed, he cannot proceed under Title VII because he has failed to exhaust his administrative remedies. Washington [v, WMATA,160 F.3d 750,752 (D.C. Cir. 1998)].

Slip Op. at 2-3.

Similarly, in Courtney v. La Salle University, 124 F.3d 499 (3d Cir. 1997), the court held that a challenge to a mandatory retirement policy was time barred because

4

the statute of limitations begins "'when the employer has established its official position and made that position apparent to the employee by explicit notice.'" 124 F. 3d at 504 (citations omitted). And, in Kuemmerlein v. Bd. of Educ. Of Madison Metro. School Dist., 894 F. 2d 257 (7th Cir. 1990), the Court held that the cause of action for an allegedly illegal layoff was the day the plaintiffs received notice of the decision, not the day the school began classes without the plaintiff's employ. 894 F. 2d at 259 (citing Ricks and Chardone).

Thus, however harsh the rule may seem, it is clear from Ricks and Chardon, especially in light of Justice Brennan's pointed dissent, as well as the cases following them, that plaintiff Bansal's action must be dismissed for failure to file with the EEOC within the 180 statute of limitations.

### III.   PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE

In the alternative, if the November 13 receipt of notice of the reduction in force is not the triggering event, Plaintiff's claims must fail for his failure to allege an adverse action. It is clear in this Circuit that this is an element of the *prima facie* case:

> In federal as in private employment cases, our decisions-with an exception to be mentioned in a moment-require plaintiffs to satisfy the first step of the McDonnell Douglas test by showing that they have been subjected to some sort of adverse personnel or employment action. Thus, to state a prima facie claim of disparate treatment discrimination, the plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. For retaliation claims, such as the one Brown alleges, the prima facie requirements are slightly different. The plaintiff must show "1) that she engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection

> existed between the two." A common element required for discrimination and retaliation claims against federal employers, and private employers, is thus some form of legally cognizable adverse action by the employer.

Brown v. Brody, 199 F.3d 446, 452-453 (D.C. Cir.1999)(citations omitted). In the case at hand, plaintiff retired and was not ultimately subjected to the RIF by his own actions and suffered no adverse action. Therefore, he fails to state a *prima facie* case under Brown. See Smith v. District of Columbia, 271 F. Supp. 2d 165, 172 (D.D.C. 2003)(following Brown, finding no adverse action for retaliation: "Smith, however, was never terminated from her position . . . , she appears to have retired before the termination proceedings were complete"); reversed on other grounds, 430 F. 3d. 450 (D.C. Cir. 2005).

### IV.    CONCLUSION

Plaintiff's claims are untimely because he failed to file with the EEOC within 180 days of notice of his reduction in force. Even if timely, he fails to show an adverse action

because he voluntarily retired.  For these reasons, judgment should be entered in favor of Defendant and plaintiff's complaint dismissed with prejudice.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel


Mark F. Sullivan #430876
Deputy General Counsel


Bruce P. Heppen #252171
Associate General Counsel

(202) 962-2569


_____/S/_____
David J. Shaffer #413484
Assistant General Counsel
(202) 962-2820


600 Fifth Street, N.W.
Washington, D.C. 20001
Attorneys for WMATA