UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI P. BANSAL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN | * | |
| AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

    Plaintiff Bansal, by and through his counsel, hereby submits his opposition to Defendant's Motion to Stay Discovery. Plaintiff seeks discovery for two (2) reasons, in preparation for resolution, hopefully as part of the remainder of his claims in this Court and, to gather information to rebut the inevitable dispositive motion(s) from Defendant. Toward this end, Plaintiff has already generated a set of written discovery, which was served on Defendant WMATA on August 2, 2006.

    As originally scheduled, discovery was to be completed in this matter near the time set by this Court for a trial of Mr. Bansal's other employment discrimination claim against WMATA. The parties agreed to request this Court set a later discovery date to avoid any conflicts the simultaneous deadlines may create. (Docket No. 13) This Court granted that motion on March 10, 2006.

    Now Defendant claims that discovery is not necessary in this matter because of the strength of its motion for summary judgment, which it has now filed. In general, a simple

restatement of Defendant's arguments for its motion for summary judgment is not a basis to stay discovery. Natural Resources Defense Council v. Curtis, 189 F.R.D. 4, 8 (D.D.C. 1999) (holding that "federal courts have rarely conditioned discovery upon a showing of legal entitlement to ultimate relief.")

More specifically, Defendant's Motion rests primarily on an argument that Plaintiff allowed a statutory time limit to expire, the dates of which are "evident on the face of the Complaint," Defendant's Motion, p.1. This claim, however, was not raised as part of a Fed. R. Civ. P. 12 (b)(6) Motion to Dismiss. Further, it took Defendant nearly a year to assert its claim, which actually rest on factual issues that are ripe for discovery. Briefly stated, Plaintiff Bansal was terminated, Defendant WMATA claims, through the operation of a Reduction-In-Force (RIF). The notice of that RIF, Metro claims, was the action that started the clock for determining the timing for the filing of Mr. Bansal's EEOC charge, which is the necessary administrative process for this lawsuit. However, prior to this incident, Plaintiff had been RIF'd a number of times (at least three) in his tenure at Defendant WMATA and each prior time, the RIF did not lead to the end of his employment, but rather he was bumped into another position. Although the most recent RIF did lead to his eventual termination in 2004, the discharge of Plaintiff did not occur until a number of other options were unsuccessfully pursued. It is for this very reason, in part, that discovery is necessary and should continue in this case.

Also there is a genuine issue of material fact as to whether Plaintiff was terminated, the ultimate adverse action, or as Defendant contends, Mr. Bansal voluntarily retired. This factual dispute may also effect the time for filing an EEOC complaint. Additionally, as the Supreme Court has pointed out, the time limits in the civil rights acts protecting employees, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e – *et seq.*, are not

statutes of limitations, but are subject to waiver and other equitable relief.  Zipes v. TWA, 455 U.S. 385, 393 (1982).

Further, the discovery Plaintiff already has served seeks relevant comparator data regarding other employees who were also subject to Defendant's RIF process to support his contention that he did in fact suffer an adverse action due to Metro's racial bias or its intent to retaliate against him.  Stella v. Mineta, 284 F.3d 135, 147 (D.C. Cir. 2002) (holding that relevant comparator data can assist in determining whether a prima facie case of discrimination has been established, which may aid in inferring unlawful motives).  Defendant's responses to Plaintiff's discovery are due on September 1, 2006, prior to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

As to the discovery itself, Defendant merely offers a boilerplate objection to Plaintiff's interrogatories and requests for production of documents, intimating that it is overbroad.  Defendant's Motion, p.2.  Yet, such a boilerplate objection is not sufficient to stay discovery either.  See Jones v. Prince George's County, 2002 U.S. Dist. LEXIS 27319 (D.D.C. 2002) (holding that "the party opposing discovery must make a specific showing, supported by a declaration, as to why the production sought would be unduly burdensome.") (internal citations omitted)

Finally, for Plaintiff's own purposes and for the judicial economy it would create, completion of discovery in this case while the parties present arguments and the Court determines what issues will arise in the other civil action being readied for trial, would facilitate the consolidation of the above captioned matter with Plaintiff's original action.  Even Defendant must admit of the both the time and effort saved by the Court and the parties from conducting a second trial that contained substantially similar evidence and claims.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to stay discovery in this matter.

Respectfully submitted,

_____

Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900