UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BHAGWATI P. BANSAL,                      )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )   CA No.05-1696(PLF)
                                         )
WASHINGTON METROPOLITAN                  )
  AREA TRANSIT AUTHORITY,               )
                                         )
    Defendant.                           )

**WMATA'S REPLY TO OPPOSITION TO MOTION TO STAY**

    Plaintiff argues that he should be entitled to discovery even though Defendants have filed a Motion for Summary Judgment that requires no discovery. He cites Natural Resources Defense Council v. Curtis, 189 F.R.D. 4, 8 (D.D.C. 1999) for the proposition that "federal courts have rarely conditioned discovery upon a showing of legal entitlement to ultimate relief." Id. at 8. He conveniently ignores Magistrate Judge Facciola's comment on page 9 of the same case that: " In my view, if NAS and DOE want to be relieved on any further discovery on the grounds that, as a matter of law, plaintiffs lack standing to press their claim, or because FACA does not apply to the ICFC, they must move for summary judgment and a stay of discovery pending its resolution."

    Defendant has done exactly as Judge Facciola recommends: it has moved for summary judgment and simultaneously for a stay of discovery. No discovery is necessary to resolve whether plaintiff timely filed his charge with the EEOC, which is

1

the major grounds for the summary judgment motion.

Ample authority exists to support this motion. The bases for the pending dispositive motion are all legal and WMATA does not believe that plaintiff would need to conduct discovery in order to address any of the matters raised in this motion. It is well established that a District Court has the discretion to stay discovery. Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001). In White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990), the court held that whether to stay discovery is committed to the sound discretion of the district court judge. There the D.C. Circuit held that the trial court did not err by staying discovery prior to issuing summary judgment rulings. In Anderson v. U.S. Attorneys Office, 1992 WL 159186 (D.D.C. 1992), Judge Oberdorfer granted a Motion to Stay Discovery pending resolution of the pending motion to dismiss, noting that "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims . . . is pending." In Rutman Wine Co. v. E&J Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987), the court held that there was no abuse of discretion in dismissing the claims without permitting discovery. The court held that "the purpose of Fed R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." The trial court's power flows from the well recognized right of district courts to regulate and preclude discovery. Brennan v. Local Union No. 639, Int'l Brotherh'd of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977) and Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).

Although this is not a place for a lengthy brief of the merits, it is nonetheless

necessary to briefly frame the issue, since plaintiff argues that it is not the notice of the reduction-in-force (RIF) that triggers the statute of limitations, but rather the date of the RIF and he seeks extensive discovery on the merits of the RIF, not the time when it took place.  This exact issue was considered and rejected by a majority of the Supreme Court in Chardon v. Fernadez, 454 U.S. 6, 8 (1981), affirming Delaware State College v. Ricks, 449 US. 250, 258 (1980).  To calculate this time period, the "proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful."  Accord Saunders v. District of Columbia, Slip Op. No. 02-1802 (CKK), 2005 WL 3213984, *6 (D.D.C. 2005);  Morgan v. Federal Home Loan Mortgage Corp. 172 F. Supp .2d 98, 108 (D.D.C.,2001)(claims would have accrued when plaintiff was told that he would not be hired, not when someone else was selected for the position, citing  Ricks, 449 U.S. at 256-58); The Chardon decision sparked a vigorous dissent from Justice Brennan, who also dissented in Ricks.  He made the same argument as plaintiff here:

> It is one thing to hold, as was held in [Ricks] that for the purpose of computing the limitations period, a cause of action for denial of a benefit such as tenure, and consequent damage, accrues when the plaintiff learns that he *has been* denied that benefit; it is quite another to hold, as the Court does here, that a cause of action for damages resulting from an unconstitutional termination of employment accrues when the plaintiff learns that he *will be* terminated.

454 U.S. at 9 (emphasis in original)(Brennan, J., dissenting).[1]  That is exactly the

---

[1] Quoting Corbin, Justice Brennan stated: "The plaintiff should not be penalized for leaving to the defendant an opportunity to retract his wrongful repudiation; and he would be so penalized if the statutory period of limitation is held to begin to run against him immediately."  4 A. Corbin, Contracts 989 (1951)

situation in the case at hand.  Bansal learned of his termination on November 13, 2003, therefore his cause of action for termination of employment accrued on that date, when he learned that he *will be* terminated.  This is true whether or not in the past he had been RIF'd and other jobs had been found for him, as Justice Brennan argued.  However unfair the rule may seem, the majority of the Court nonetheless held otherwise.[2]

Plaintiff argues that allowing discovery at this time will facilitate judicial economy and would facilitate consolidation of this matter with the promotion case, No. 962228.  Plaintiff conveniently ignores that consolidation has already been denied.  Moreover, there is no advantage in tying the time frame for resolution of the promotion case to resolution of this case.  Discovery has been completed in the promotion case, which is ten years old and which will be the subject of a narrow new motion for summary judgment.  This case may present substantial discovery issues and should not bog the promotion case down.

What this debate illustrates is that this case, in its current procedural posture, turns on a simple application of law to undisputed facts.  Discovery into past RIF's, the reasons therefore and other unrelated matters does not affect the simple issue posed by the summary judgment motion.  No discovery is necessary for the Court to decide

---

[2] It is further worth noting that plaintiff was represented by counsel during this period, which undermines any hint that equitable tolling might be warranted.  Opp. at 2-3. Moreover, facts relating to equitable tolling are wholly within plaintiff's possession.

summary judgment at this early point in the litigation, where defendant does not presently argue that the reduction-in-force was warranted by legitimate business concerns. If summary judgment is denied, then discovery can be focused on whatever facts turn out to be in dispute.

                                        Respectfully submitted,

                                        WASHINGTON METROPOLITAN
                                         AREA TRANSIT AUTHORITY

                                        Carol B. O'Keeffe
                                        General Counsel

                                        Mark F. Sullivan
                                        Deputy General Counsel

                                        Bruce P. Heppen, Esq. #252171
                                        Associate General Counsel
                                        (202) 962-2569

                                              /s/
                                        David J. Shaffer #413484
                                        Assistant General Counsel
                                        (202) 962-2820

                                        600 Fifth Street, N.W.
                                        Washington, D.C. 20001
                                        Counsel for Defendant WMATA