UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BHAGWATI P. BANSAL, | * |
| Plaintiff, | * |
| v. | * |
| | *  Civil Action No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * |
| Defendant. | * |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Bhagwati Bansal, by and through his counsel, respectfully moves for leave to file a second amended complaint. Plaintiff seeks to amend his Complaint to address some of the factual questions raised by Defendant in its motion for summary judgment and to add two new claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and 42 U.S.C. §1983, that arise from the same set of facts and circumstances previously alleged. Although both the Complaint and Amended Complaint identify the reduction in force (RIF) process as the cause of the involuntary termination of Plaintiff, neither identifies any of the procedural steps in which Defendant engages during that process. As a result, Defendant has moved for summary judgment based on the date of the notice of the RIF received by Plaintiff, claiming his subsequent filing of a charge of discrimination at the Equal Employment Opportunity Commission was untimely. However, during that process, Defendant should have found numerous other employment opportunities for Plaintiff which would have avoided the ultimate adverse action of termination. Since Plaintiff was familiar with the RIF process, having

1

been put through it on three occasions prior to the one at issue here, he was aware of the numerous other opportunities that are usually for employees who receive RIF notices. Most significantly, in 1994, 86 employees of WMATA received a RIF notice that their jobs were being abolished, but none of those were voluntarily terminated.

Amendment of a plaintiff's complaint is government by Rule 15, Fed.R.Civ.P. The Federal Rules of Civil Procedure are designed to allow liberal pleading. A party may amend a pleading with leave of the court and "leave shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). In interpreting the Rule 15 standard, courts have found it easier to list reasons why such leave should not be granted than to list all the reasons it should. Perhaps the most comprehensive list is set forth in the watershed ruling on Rule 15, which held that a pleading should not be amended if it causes undue delay, is made in bad faith or with a dilatory motive, is the result of numerous failures to cure deficiencies, causes undue prejudice to opposing party, or is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Societe Liz v. Charles of the Ritz Group, 118 F.R.D. 2, 4 (D.D.C. 1987). None of these reasons for denying an amendment apply here. The purpose of the amendments is primarily to set forth the process that a RIF follows when Defendant provides the notice that includes a termination date. This clearly shows that termination does not occur unless and until many other options are exhausted.

The grant or denial of such leave is at the discretion of the district court. Foman 371 U.S. at 182; Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp., 28 F.3d 1268 (D.C. Cir. 1994); Wiggins v. District Cablevision, Inc., 853 F. Supp. 484, 499 (D.D.C. 1994).

An amendment to a pleading should not cause undue delay by precipitating extensive additional discovery either. See Williamsburg Wax Museum v. Historical Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987); L.D. Schreiber Cheese Co. v. Clearfield Cheese, 495 F. Supp. 313, 316 (W.D. PA 1980).  In Williamsburg Wax Museum, leave to amend the complaint was denied because the appellant tried to raise a new issue in the trial, six years after the initial filing, which would have required the discovery starting from the beginning of the process. Id.  Here Plaintiff notes that the parties have not yet begun discovery, and the Court ruled that discovery would be stayed, based on Defendant Metro's Motion to Stay Discovery.  Further, the additional claims raised by Plaintiff will have no significant effect on the scope of discovery already necessary as the facts alleged remain essentially unchanged.

Another circumstance that has caused courts to deny leave to amend is adding additional parties to the suit. See, e.g. Societe Liz, 118 F.R.D. at 4 (plaintiff sought to add fourteen new defendants); Wiggins v. District Cablevision, Inc., 853 F. Supp. 484 (D.D.C. 1994) (Plaintiff sought to add one defendant and two new causes of action). Here, Plaintiff does not propose to add any new parties to the suit.

Leave to amend the complaint will not, "impede the efficient resolution of the issues already raised by Plaintiff['s] prior causes of action, nor are Defendants in any way prejudiced in their defense by the amendment." Graybeal v. American Savings & Loan Assoc., 59 F.R.D. 7, 21 (D.D.C. 1973) (amending pleading in class action suit by adding fraudulent concealment under antitrust cause of action and fraud, and breach of trust as additional causes of action).  Unlike in Graybeal, the additional claims raised here arise out of the same set of facts and circumstances originally alleged.  Plaintiff's original and

3

first Amended Complaint repeatedly allege facts regarding Defendant's discrimination based on his disability and the institutional policies of Defendant evident in its administration of Reductions in Force are at the heart of Plaintiff's claims under 42 U.S.C. §1983.  Here, an amendment would serve the ends of justice.   Plaintiff does not seek to delay the proceedings.  Further, granting Plaintiff leave to add the additional claims serves the interests of judicial economy as Plaintiff would be forced to file an additional suit that would further tax the resources of both parties as well as the Court.

 Plaintiff has also filed today his Opposition to Defendants' Motion to Summary Judgment, which focuses only on the timing of the filing of the EEOC charge.  Although familiar with its process, it disingenuously infers that such notice leads inevitably to termination.  The amendments point out the fallacy of such a position.

Plaintiff unsuccessfully attempted to contact defendant's counsel in advance of filing this motion.  Defendant, as discussed above, will not be unduly prejudiced by this motion.

For the foregoing reasons, Plaintiff Bansal respectfully requests that the Court grant his Motion for Leave to File the Second Amended Complaint, and accept the attached Second Amended Complaint for filing.

4

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.
Suite 100
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff Bansal

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BHAGWATI P. BANSAL,        * | |
|                                * | |
|    Plaintiff,        * | |
|                                * | |
|    v.        * | |
|                                * | Civil Action No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN   * | |
| AREA TRANSIT AUTHORITY,    * | |
|                                * | |
|    Defendant.        * | |

## ORDER

Pursuant to Plaintiff's Motion for Leave to File a Second Amended Complaint and the entire record herein, it is this _____ day of September, 2006, hereby:

ORDERED, that Plaintiff's Motion for Leave to File a Second Amended Complaint is hereby GRANTED and it is FURTHER ORDERED that Plaintiff's Second Amended Complaint now lodged with the Clerk of the Court be filed.

                                              _____
                                              **Hon. Paul L. Friedman**
                                              United States District Judge
                                              for the District of Columbia