UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI P. BANSAL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN | * | |
| AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | * | |
| _____ | * | |

### SECOND AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.      This action is brought on behalf of Plaintiff Bhagwati Bansal to pursue his rights and to obtain relief for the violations by Defendant Washington Metropolitan Transit Authority ("WMATA") of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and 42 U.S.C. §1983.

2.      This Court has jurisdiction over this action under 42 U.S.C. § 2000e-(5)(f) and 28 U.S.C. § 1343.

3.      Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et. seq.*

4.      Defendant at all times relevant hereto employed more than 500 employees.

5.      Plaintiff is a citizen in the United States.

6.      Plaintiff was born in Agra, India.

7.      Plaintiff was employed initially by Defendant in 1981 as a Mechanical Engineer.

8.      In 1985, Plaintiff Bansal was subject to a "reorganization" of parts of Defendant, which resulted in the abolition of his position.

9.      Following the notice that his job was being abolished, Defendant engaged in a process for finding Plaintiff another job at Metro.  The process was successful.

10.     In 1992, Plaintiff Bansal was subject to another "reorganization" of parts of Defendant, which resulted in the abolition of his position.  This process was identified as a reduction in force or "RIF."

11.     Following the notice that his job was being abolished, Defendant engaged in a process for finding Plaintiff another job at Metro.  The process was successful and he was transferred into another position as a Capital Program Coordinator (TA-20) at the same job grade and salary.

12.     In 1994,  Plaintiff Bansal was subject to another "reorganization" of parts of Defendant, which resulted in the abolition of his position.  This process was identified as a reduction in force or "RIF."

13.     In October 1994, Plaintiff was demoted to a position as a BUSV Management Assistant (TA-16) from a Capital Program Coordinator (TA-20) position in relevant part because of his national origin.

14.     Plaintiff's efforts to regain his former position or one comparable in grade and salary have been thwarted by Defendant.

15.     Plaintiff has protested and opposed what he believed in good faith to be Defendant's unlawful conduct.  Specifically, since 1985, Plaintiff resisted what he believes was national origin discrimination, racial discrimination, sex discrimination and

retaliation against him because he protested and opposed the foregoing alleged discrimination.

16.    In August 2003, Plaintiff, due to a disability, was required to have surgery and was scheduled to be out on disability until December 1, 2003.

17.    Because of complications arising out of the surgery, Plaintiff requested of Defendant on October 21, 2003 that he be able to telecommute for a period of six months.

18.    On November 13, 2003, Defendant notified Plaintiff that his job was being eliminated as a part of a reduction in force (RIF) due to business circumstances and organizational goals, effective January 10, 2004.

19.    Plaintiff had identified at least twenty other available positions for which he was qualified.

20.    The union of which Plaintiff was a member, Office and Professional Employee International Union, Local 2, notified Defendant that it determined that Mr. Bansal's qualifications were "exactly" identical to at least two other Management Assistant positions which were then available.  The same day that Local 2 notified Defendant of its asssessment, Defendant deemed Plaintiff unqualified for one of the two positions.

21.    On or about January 8, 2004, Plaintiff was orally informed that his efforts to obtain another position at Defendant were not successful because, Defendant claims, he was not qualified for any other position.  Therefore, Defendant claimed that since it was unable to find him another position for which he was qualified, he would be terminated.

22.    Plaintiff's last day of work for Defendant was January 9, 2004.  No Separation Personnel Action Report was ever generated as to the termination of Mr. Bansal due to the RIF.

23.     On January 16, 2004, Plaintiff applied for immediate retirement benefits.

24.     The only Separation Action Report in Plaintiff's personnel file is a departure from Defendant as an employee on February 1, 2004 due to a "voluntary" early retirement.

25.     On or about March 15, 2004, Plaintiff was provided a severance payment by Defendant, which is a benefit for those employees who are members of Local 2 and who have been involuntarily terminated from Defendant due to layoff.

26.     Plaintiff asserts that his termination by the failure to process the reduction in RIF properly is due to Defendant's national origin discrimination, disability discrimination and racial discrimination and also due to retaliation for his protests against the foregoing discrimination in addition to his recent disability.

27.     It was the institutional policy of Defendant to discriminate and/or retaliate against its employees.

28.     Defendant's policy of discrimination and/or retaliation resulted in a deprivation of Plaintiff's constitutional due process rights under the Fifth Amendment.

29.     Defendant's conduct caused and will cause Plaintiff to lose wages and other economic benefits of employment.

30.     Defendant's conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

31.     All conditions precedent to this litigation have been performed or have occurred as those terms are used in the law.

WHEREFORE, Plaintiff prays judgment, injunctive relief, back pay, interest and other relief as appropriate under the law.


PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

_____

Gary T. Brown
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.   Suite 100
Washington, D.C. 20002
(202) 393-4900