UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI P. BANSAL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN | * | |
| AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

PLAINTIFF BANSAL'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE EXISTS GENUINE ISSUES OF DISPUTE

Plaintiff Bansal, by and through his counsel, submits the following list of material facts as to which there exist genuine issues of dispute:

1. Plaintiff Bansal's termination was not inevitable after he received the November 13, 2003, Notice of Reduction in Force. Plaintiff's Exhibit 12.

2. Plaintiff Bansal was qualified for and should have been "bumped" into any of several different available positions. Report of Applications submitted by Plaintiff, Plaintiff's Exhibit 14; January 6, 2004 Email from Thomas O' Connor to Roberta Hamilton, Plaintiff's Exhibit 15.

3. Plaintiff Bansal's rejection for "bumping" was inconsistent with Defendant's prior processing of RIF notices to its employees. Excerpt from WMATA-Local 2 CBA July 1, 2000-June 30, 2004, Plaintiff's Exhibit 17.

4. Plaintiff Bansal did not know nor could he have known that the November 13, 2003, RIF Notice would result in his termination. Bansal Declaration at ¶11, Plaintiff's Exhibit 2.

5. Plaintiff Bansal did not know nor should he have known that the November 13, 2003, RIF Notice would result in his termination until January 8 or 9, 2004. Id. at ¶14.

6. The discriminatory actions of Defendant WMATA included its decisions not to "bump" Plaintiff Bansal into any one of several positions for which bumping was available.

7. Plaintiff Bansal's complaint of discrimination was filed with the U.S. Equal Employment Opportunity Commission within the statutory period and was therefore timely filed.

8. Plaintiff Bansal was terminated from the employment of Defendant WMATA prior to his decision to seek retirement. Id.; Defendant's Exhibit 1 to its Motion for Summary Judgment.

9. Plaintiff Bansal's decision to seek early retirement was predicated on the decisions of Defendant WMATA that it would not "bump" him into any one of the available positions for which he was qualified. Bansal Declaration at ¶¶14, 15, Plaintiff's Exhibit 2.

10. Plaintiff Bansal did not decide to seek early retirement until after he was informed that he would be terminated from Defendant WMATA because he was not qualified for any of the positions for which he sought to exercise his bumping rights. Id. at ¶15.

Respectfully submitted,

_____
Gary T. Brown
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES, P.C.
320 Maryland Avenue, N.E.   Suite 100
Washington, D.C. 20002
(202) 393-4900