IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTONIO THOMPSON,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          Civil Action No. 99-2638 (ESH)
                                 )
WASHINGTON METROPOLITAN          )
  AREA TRANSIT AUTHORITY,        )
                                 )
          Defendant.             )
                                 )

## MEMORANDUM OPINION

Before the Court is defendant's motion to dismiss and for summary judgment, plaintiff's opposition and defendant's reply. Having considered the pleadings and the entire record herein, the Court concludes that defendants are entitled to summary judgment as to Count I and Counts II and III should be dismissed as a matter of law.

## BACKGROUND

Antonio Thompson has been employed by the Washington Metropolitan Area Transit Authority (WMATA) for approximately nine years. On June 8, 1998, Mr. Thompson was promoted from his position as Compiler Assistant to a Transit Stop/Shelter Coordinator position in WMATA's Office of Planning. WMATA employee Mary Gingell took responsibility for training Mr. Thompson for the position.

Plaintiff alleges that Ms. Gingell verbally harassed him and prevented him from carrying out his duties as a Coordinator. He further alleges that in September 1998, his manager, Robert



*21*

Pickett, advised him to resign the Coordinator position or be fired. On October 5, 1998, Mr. Thompson received notice that he was to be demoted to his former position of Compiler Assistant, effective October 25, 1998.

On October 15, 1998, Mr. Thompson filed a claim with the WMATA Office of Worker's Compensation alleging injury as a result of the mental abuse by Ms. Gingell. On October 16, 1998, Mr. Thompson completed a "Walk-In Intake Form" at the WMATA Office of Civil Rights in which he claimed that Ms. Gingell was abusive toward him and his supervisors were doing nothing to stop it. On April 12, 1999, Mr. Thompson filed a "Charge Questionnaire" with the EEOC. On July 29, 1999, he filed a Charge of Discrimination with the EEOC. This EEOC Charge was denied by letter dated September 17, 1999, because it was not filed within 180 days of the allegedly discriminatory act. On October 4, 1999, Mr. Thompson filed suit in this Court alleging that WMATA had violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e (Count I), Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981 (Count II), and the District of Columbia Human Rights Act, D.C. Code § 1-2501, et seq. (Count III).

## DISCUSSION

**I.    Summary Judgment as to Count I**

**A.    Legal Standard**

Under Fed. R. Civ. P. 56, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admission on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a

2

motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. The mere existence of some factual dispute, however, will not preclude the entry of summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

**B.    Count I -- Title VII Claim**

Title VII of the Civil Rights Act requires that a charge of employment discrimination must be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Before suing under Title VII, a plaintiff must exhaust his administrative claims by filing a timely charge of discrimination with the EEOC. Washington v. WMATA, 160 F.3d 750, 752 (D.C. Cir. 1998). If a plaintiff fails to file a charge with the EEOC within the time allotted, a civil action based on that claim must be dismissed. Id.

Mr. Thompson received notice of his demotion on October 5, 1998, and the demotion was effective October 25, 1998. Under the Supreme Court's holding in Delaware State College v. Ricks, 449 U.S. 250 (1980), the time for filing a charge ran from the date that plaintiff was informed of the allegedly discriminatory act, and thus, Mr. Thompson was obligated to file his EEOC charge 180 days from WMATA's final decision to demote him -- i.e., on or before April 4, 1999. However, Mr. Thompson filed with the EEOC on July 29, 1999. The EEOC rejected Mr. Thompson's claim in a letter dated September 17, 1999, because it was not timely filed. Mr. Thompson was aware that the discriminatory action he alleged had taken place well over 180 days before he filed his charge, since he listed on the EEOC charge form the "Date of

3

Alleged Violation" as October 5, 1998 and October 25, 1998. Since Mr. Thompson's EEOC

charge was not timely filed, he cannot proceed under Title VII because he has failed to exhaust

his administrative remedies. <u>Washington</u>, 160 F.3d at 752.

In his opposition to defendant's motion, Mr. Thompson claims that "Count I must be

heard because Plaintiff filed a charge with WMATA's EEOC office on 10/15/98, and was under

the impression that cross-filing existed with WMATA and the United States EEOC office." The

only document filed by Mr. Thompson dated October 15, 1998 is a claim for worker's

compensation. In that complaint, Mr. Thompson claims job related stress as a result of

maltreatment by his trainer. There is no allegation of racial discrimination, and this complaint

was not cross-filed with the EEOC. Thus, there is absolutely no credible basis upon which to

excuse plaintiff's failure to file his claim in a timely fashion with EEOC.

On October 16, 1998 Mr. Thompson completed a "Walk-In Intake Form" at WMATA's

Office of Civil Rights. In this document Mr. Thompson alleged maltreatment by his superiors

and wrote "I don't know if it is race related." Again, this action does not satisfy the requirement

that plaintiff must exhaust his EEOC remedies before filing suit, for as held by the Court of

Appeals for the D.C. Circuit, WMATA's internal grievance procedures "offer a separate forum

for pursuing discrimination complaints, which . . . [do] not displace . . . Title VII filing

requirements." <u>Washington</u>, 160 F.3d at 752. Moreover, plaintiff has failed to provide a

sufficient basis to justify equitable tolling. <u>Id.</u> at 752-53.

In support of his argument Mr. Thompson cites <u>Williams v. WMATA</u>, 721 F.2d 1412

(D.C. Cir. 1983). Mr. Thompson's reliance on this case is misplaced. In <u>Williams</u>, the Court of

Appeals held that there was a question of fact as to whether the District of Columbia Office of

4

Human Rights was an agent of the EEOC for purposes of EEOC filing requirements. Id. at 1414. Mr. Thompson has not alleged and there is no evidence that he filed a complaint with the D.C. Office of Human Rights. Therefore, whether that office can receive complaints on behalf of the EEOC is irrelevant to this case. In the present case, the case law clearly states that WMATA's internal Civil Rights Office is not an agent of the EEOC for purposes of EEOC filing requirements. Washington, 160 F.2d at 752.

Because Mr. Thompson failed to file a discrimination charge with the EEOC within 180 days of the alleged unlawful conduct as required by Title VII, summary judgment must be granted as to Count I.

## II.    Motion to Dismiss Counts II and III

### A.    Legal Standard

WMATA seeks dismissal of plaintiff's counts II and III under Fed. R. Civ. P. 12(b)(6) because plaintiff fails to state a claim upon which relief can be granted. In evaluating a Rule 12(b)(6) motion to dismiss, a court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 (D.C. Cir. 1999). A court should only dismiss a complaint if, under any set of facts that the plaintiff could prove, it is clear that no relief could be granted. Id.

In making this determination, the Court recognizes that dismissal of a pro se complaint for failure to state a claim is only warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 448 U.S. 4, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Such complaints,

5

"'however inartfully pleaded,' are held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. at 10.

**B.    Count II -- § 1981**

The Eleventh Amendment grants states sovereign immunity from suits by citizens of other states. U.S. Const. amend. XI. As an instrumentality of the states of Maryland and Virginia, WMATA is deemed to be an arm of the government, and it thus enjoys sovereign immunity. Morris v. WMATA, 781 F.2d 218, 224-25 (D.C. Cir. 1986).

The Supreme Court has held that state actors may not be sued under 42 U.S.C. § 1981, for "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989).[1/] However, in 1991 Congress amended §1981 and added subsection (c), which provides that "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Although not yet addressed by this Circuit, the majority of circuits to decide the issue have agreed that this amendment does not overrule Jett. Johnson v. City of Fort Lauderdale, 903 F. Supp. 1520, 1522-23 (S.D. Fla. 1995), aff'd, 148 F.3d 1228 (11th Cir. 1998); Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995); and Williams v.

---

[1/]    As held by Jett, plaintiffs may seek redress from state actors for violations of those rights guaranteed by §1981 under §1983. 491 U.S. at 735. However, WMATA is not subject to liability under § 1983 because it is not a "person" within the meaning of the statute. Lucero-Nelson v. WMATA, 1 F. Supp. 2d 1, 7 (D.D.C. 1998); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58 (1989). Moreover, WMATA cannot be held liable on the basis of respondeat superior under § 1983. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). See also Atraqchi v. WMATA, No. 99-702, slip op. at 4-6 (D.D.C., July 3, 2000)

6

Little Rock Municipal Water Works, 21 F.3d 218 (8th Cir. 1994). Contra Federation of African

American Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996) (authorizing § 1981

claim against municipality).

     This Court agrees with those courts which have held that Jett remains good law. See also

Tabor v. City of Chicago, 10 F. Supp.2d 988 (N.D. Ill. 1998); Miles v. City of Philadelphia, 1999

WL 274979 (E.D. Pa. May 5, 1999) and cases cited therein. The conclusion of these cases that

Congress did not intend to amend § 1981 to allow a cause of action against state actors is

consistent with the recent Supreme Court case of Kimel v. Florida Board of Regents, 120 S. Ct.

631 (2000), where the Court held that Congress may abrogate a state's constitutional immunity

from suit "only by making its intention unmistakably clear in the language of the statute." Id. at

640. As is clear from the language of § 1981(c), it does not create a direct cause of action against

state actors, and there is no evidence in the legislative history of the amendment upon which to

infer a Congressional intent to overrule Jett. See H.R. Rep. No. 102-40 (II) (1991) (listing

Supreme Court cases which the amendments were intended to overrule or to codify). In

response, plaintiff cites Coopers v. N.Y. State Office of Mental Health, 162 F.3d 770 (2d Cir.

1998), to support his claim that he should be able to sue WMATA. However, that case is no

longer good law, having been overruled by the Supreme Court as inconsistent with its ruling in

Kimel. Board of Trustees of the Univ. of Conn. v. Davis, 120 S. Ct. 928 (2000).

     In sum, the Court concludes that Jett is controlling, and Count II must be dismissed.

C.     **Count III -- D.C. Human Rights Act**

In Count III plaintiff alleges that WMATA discriminated against him in violation of the

D.C. Human Rights Act.  The D.C. Human Rights Act authorizes a private right of action for

unlawful discriminatory practices.  D.C. Code § 1-2501, et seq.  However, according to Section

12(g) of the WMATA compact, WMATA is exempt from regulation of its personnel policies

regarding qualification, appointment, and removal of employees.  Because the D.C. Human

Rights Act directly regulates personnel policies, this Court has consistently held that WMATA is

immune from suit under the Act.  See Middleton v. WMATA, No. 92-0946, slip op. at 6-7

(D.D.C. Oct. 13, 1992); Lucero-Nelson v. WMATA, 1 F. Supp. 2d at 7 (D.D.C. 1998); Taylor v.

WMATA, 109 F. Supp. 2d 11, 18 (D.D.C. 2000).

Mr. Thompson argues that WMATA has waived sovereign immunity from suits under the

D.C. Human Rights Act in Section 77 of the WMATA Compact.  D.C. Code § 1-2431 (77).

However, Section 77 provides that WMATA is subject to "laws, rules, regulations, and orders

relating to inspection of equipment and facilities, safety and testing."  Section 77 does not apply

to claims of employment discrimination.  Thus, plaintiff has failed to state a claim under the D.C.

Human Rights Act, and Count III must be dismissed.

## CONCLUSION

For the reasons state above, defendant's motion to dismiss and for summary judgment is

**GRANTED** on all counts and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.


Ellen S Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

DATE: 11/24/00

9