*Cases*

*Atraqchi v. WMATA, 99-702 (D.D.C. 2000)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ATRAQCHI, ET AL.,                :
          Plaintiffs,                    :
                                         :
                                         :
     v.                                  :    Civil Action No.
                                         :    99-702 (GK)
                                         :
WASHINGTON METROPOLITAN AREA             :
TRANSIT AUTHORITY, ET AL.,               :
          Defendants.                    :    **FILED**
                                         :
_____  :    JUL 0 3 2000

                        ORDER

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

     Plaintiffs Michael and Irene Atraqchi, proceeding _in forma_

_pauperis_, bring this action under 42 U.S.C. §§ 1981, 1983, 1985(3),

and 1986 against the Washington Metropolitan Area Transit Authority

("WMATA" or "Metro"), its General Manager Richard White, and

another Plaintiff (alleged to be an employee of WMATA), Norman

Cortez.  This matter comes before the Court upon the Motion to

Dismiss and/or for Summary Judgment of Defendants WMATA and White

[#12].  Upon consideration of the motion, opposition, reply, and

the entire record herein, for the reasons stated in the accompany-

ing Memorandum Opinion, it is hereby

     **ORDERED**, that the Motion to Dismiss and/or for Summary

Judgment of Defendants WMATA and White [#12] is **granted**, and

Defendants WMATA and White are **dismissed with prejudice**; it is

further

     **ORDERED**, that Plaintiffs have until **July 21, 2000** by which to

file with the Clerk's office a valid address where Defendant Norman

Cortez may be personally served by the U.S. Marshals.  Failure to

provide this address by July 21, 2000 will result in the dismissal without prejudice of Defendant Cortez and this case.


_June 30, 2000_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge


**Copies to:**

Michael Atraqchi
601 L Street, S.E., Apt. 533
Washington, DC 20008

Irene S. Atraqchi
601 L Street, S.E., Apt. 533
Washington, DC 20008

Robert John Kniaz
WASHINGTON METROPOLITAN AREA TRAN-
SIT AUTHORITY
Office of General Counsel
600 Fifth Street, NW
Washington, DC 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ATRAQCHI, ET AL.,                    :
       Plaintiffs,                         :
                              :
     v.                                      :          Civil Action No.
                              :          99-702(GK)
WASHINGTON METROPOLITAN AREA                 :
TRANSIT AUTHORITY, ET AL.,                   :
       Defendants.                         :
                              :

**FILED**

**JUL 0 3 2000**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>MEMORANDUM OPINION</u>

Plaintiffs Michael and Irene Atraqchi, proceeding <u>in forma pauperis</u>, bring this action under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986 against the Washington Metropolitan Area Transit Authority ("WMATA" or "Metro"), its General Manager Richard White, and another Plaintiff (alleged to be an employee of WMATA), Norman Cortez. This matter comes before the Court upon the Motion to Dismiss and/or for Summary Judgment of Defendants WMATA and White [#12]. Upon consideration of the motion, opposition, reply, and the entire record herein, for the reasons stated below, the Motion to Dismiss and/or for Summary Judgment of Defendants WMATA and White [#12] is **granted**.

I.    **Background**[1]

In the first two pages of their Complaint, Plaintiffs allege a mass conspiracy to illegally wiretap them. Although Plaintiffs

---

[1]  For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. <u>Shear v. National Rifle Ass'n of Am.</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

go on to say that "[t]he matter of illegal wiretapping and electronic surveillance imposed upon the Plaintiffs by the Government and others are [sic] not the subject matter of this case and is not being litigated herein," Plaintiffs devote the next twelve single-spaced pages of their Complaint to listing the individuals who are allegedly part of this conspiracy, even though these individuals are not named defendants in this lawsuit. Compl. at 2-14.

The crux of Plaintiffs' allegations is found beyond these first fourteen pages. Plaintiffs allege that on three separate occasions (January 27, 1999, February 12, 1999, and March 4, 1999), they were denied permission to board a Metro bus near the Van Ness station, despite presenting a valid transfer. Plaintiffs allege that the reason the Metro bus operator, Norman Cortez, refused to allow them to board the bus was that they are an interracial couple: Mr. Atraqchi is Iraqi, and Mrs. Atraqchi is white. Plaintiffs allege that the third time they were refused permission to board, on March 4, 1999, Defendant Cortez yelled at Mr. Atraqchi, and made gestures indicating he would physically attack them, in order to humiliate and embarrass them, and discourage them from using the Metro system in the future.

II. **Analysis**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Davis v.

2

_Monroe County Bd. of Educ._, 119 S. Ct. 1661, 1676 (1999). As stated above, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. _Shear v. National Rifle Ass'n of Am._, 606 F.2d 1251, 1253 (D.C. Cir. 1979).

Plaintiffs bring four causes of action against the three Defendants in this case, under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Defendants WMATA and White argue that Plaintiffs have failed to state a claim against them on all of those causes of action, and that no claim can be stated against Defendant Cortez because WMATA does not have, and has never had, any employee by the name of Norman Cortez.

## A.    Defendant White

Defendant Richard White is the General Manager of WMATA, and thus supervises its employees. Plaintiffs' only basis for bringing White into this suit is that he is liable, under the theory of respondeat superior, for the actions of Defendant Cortez. Plaintiffs make no allegations that White in any way participated in or knew of the actions of which they complain, only that White should have known of those actions, and should have taken corrective actions.

WMATA is a governmental agency, because Congress and the states of Maryland and Virginia validly conferred Eleventh Amendment immunity to WMATA through the Washington Metropolitan Area Transit Authority Compact, Pub. L. No. 89-774, 80 Stat. 1324 (1966). _See Morris v. Washington Metro. Area Transit Auth._, 781

3

F.2d 218, 224-25 (D.C. Cir. 1986). An action for damages against a state official in his official capacity is tantamount to a suit against the state itself. See Ex Parte Young, 209 U.S. 123 (1908). Consequently, as a public official, Defendant White cannot be held liable under these statutes for the actions of his subordinates under the theory of respondeat superior. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)(holding that state is immune from suit under § 1983, pursuant to Eleventh Amendment); Morris, 781 F.2d at 224-25 (holding that WMATA enjoys Eleventh Amendment protection). A supervisor may be held liable for a subordinate's misconduct only when that misconduct is "affirmatively link[ed]" to the action or inaction of the supervisor, Rizzo v. Goode, 423 U.S. 362, 371 (1976), which Plaintiffs have not alleged. Because Plaintiffs offer no other theory under which White could be held liable for the actions they complain of, all counts against Defendant White must be dismissed.

**B.    Defendant WMATA**

Plaintiffs' claims against WMATA also fall under the theory of respondeat superior. Actions cannot be maintained against a state actor under § 1981, because § 1983 provides the exclusive remedy for the rights guaranteed under § 1981. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989). Furthermore, the three remaining statutes under which Plaintiffs bring suit, §§ 1983, 1985, and 1986, all specifically address actions taken by "persons". 42

4

U.S.C. §§ 1983, 1985(3), and 1986.[2]  WMATA is not a "person" under those statues, because it is a state actor and enjoys Eleventh Amendment immunity from these claims.  See <u>Will v. Michigan Dep't</u> <u>of State Police</u>, 491 U.S. 58 (1989)(holding that arm of state is

---

[2]  The relevant part of § 1983 reads:

Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .  42 U.S.C. § 1983 (emphasis added).

The relevant part of § 1985(3) reads:

If two or more <u>persons</u> in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.  42 U.S.C. § 1985(3) (emphasis added).

The relevant part of § 1986 reads:

Every <u>person</u> who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . .  42 U.S.C. § 1986 (emphasis added).

not a "person" under § 1983, pursuant to Eleventh Amendment);
Morris, 781 F.2d at 224-25 (holding that WMATA enjoys Eleventh
Amendment immunity, as conferred in pact to which Congress,
Maryland, and Virginia are signatories); and Lucero-Nelson v.
Washington Metro. Area Transit Auth., 1 F. Supp.2d 1, 7-8 (D.D.C.
1998)(holding that WMATA enjoys Eleventh Amendment immunity from
suit under § 1983).    Consequently, Plaintiffs' claims against
Defendant WMATA must also be dismissed.

   C.    **Defendant Cortez**

   With their motion Defendants included the declaration of Adam
Derrick Eugene, a file clerk in WMATA's Department of Human
Resources, Management and Planning, Personnel Records Section.  Mr.
Eugene states that after twice searching WMATA's personnel records,
and searching all personnel records pertaining to past and present
WMATA employees, he was unable to find any individual named Norman
Cortez who had been or is employed by WMATA.  Decl. of Eugene at 1-
2.

   In response, Plaintiffs argue in their opposition that such an
employee does exist, and the name on his name tag read "Norman
Cortez".   Because it appears that Plaintiffs may have stated a
claim against this individual, they will be given an opportunity to
effectuate service of process on him.  Since WMATA and White cannot
remain Defendants in this case, service must be effectuated on Mr.
Cortez personally.   Plaintiffs shall have until July 21, 2000 to
file with the Court a valid address where Mr. Cortez may be served
by the U.S. Marshals.    Failure to do so will result in the

6

dismissal without prejudice of Mr. Cortez as a Defendant in this case, as well as a final dismissal of the case.

## III. Conclusion

Because Plaintiffs have failed to state a claim as to Defendants WMATA and White, the Motion to Dismiss and/or for Summary Judgment of Defendants WMATA and White [#12] is granted. Furthermore, Plaintiffs have until July 21, 2000, to file with the Court a valid address where Defendant Cortez may be served. An Order will issue with this Opinion.

_June 30, 2000_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge

7