UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BHAGWATI BANSAL,<br><br>      Plaintiff,<br><br>      v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1696 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

      The plaintiff, Bhagwati Bansal, brought suit under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and 42 U.S.C. § 1983 alleging employment discrimination against his employer, the Washington Metropolitan Area Transit Authority ("WMATA"). This matter is before the Court on defendant's motion for summary judgment on the second amended complaint ("second motion"). Defendant's first motion for summary judgment, arguing that plaintiff's claim was barred by his failure to file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within the 180-day statute of limitations, was denied without prejudice after the Court granted plaintiff leave to again amend the complaint. Plaintiff had filed an opposition to the first motion.

      On October 17, 2006, the Court issued a scheduling order granting defendant leave to file a motion for summary judgment addressed to the second amended complaint, and giving plaintiff 25 days from the date of filing to respond to the motion. Defendant filed the

instant motion on November 8, 2006. It contains the same statute of limitations argument made in the first motion, plus two additional arguments. See Defendant's Motion for Summary Judgment on the Second Amended Complaint ("Mot.") at 2. Plaintiff has not filed an opposition to the second motion.

   Local Civil Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such memorandum is not filed within the prescribed time, the court may treat the motion as conceded." Local Civil Rule 7(b). In the interests of fairness, the Court shall consider the opposition filed by plaintiff in response to the first motion for summary judgment, rather than simply grant the second motion as conceded in its entirety. For the following reasons, the Court concludes that defendant prevails on the merits of its statute of limitations argument and finds that plaintiff has conceded the other two arguments by his failure to respond. It therefore grants the second motion for summary judgment.

   Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits [or declarations], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the

non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Washington Post Co. v. United States Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989).

>     Defendant informed plaintiff on November 13, 2003 that his position would be "eliminated as part of a reduction in force due to business circumstances and organizational goals to be effective January 10, 2004."  Defendant's Statement of Material Facts Not in Dispute ("SMF") ¶ 3; see Second Amended Complaint ("2d Am. Compl.") ¶ 18.  Plaintiff filed a charge with the EEOC arising from the November 2003 reduction in force on June 28, 2004, which was more than 180 days after he was notified of the reduction in force.  See SMF ¶ 6; November 13, 2003 Letter from WMATA to Bhagwati Bansal, Exhibit 11 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

>     As Judge Huvelle has succinctly explained:

> Title VII of the Civil Rights Act requires that a charge of employment discrimination must be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occured."  42 U.S.C. § 2000e-5(e)(1).  Before suing under Title VII, a plaintiff must exhaust his administrative claims by filing a timely charge of discrimination with the EEOC. Washington v. WMATA, 160 F.3d 750, 752 (D.C. Cir. 1998).  If a plaintiff fails to file a charge with the EEOC within the time allotted, a civil action based on that claim must be dismissed.  Id. . . . Under the Supreme Court's holding in Delaware State College v. Ricks, 449 U.S. 250 (1980), the time for filing a charge ran from the date that plaintiff was informed of the alleged discriminatory act[.]

Thompson v. Washington Metro. Area Transp. Auth., Civil Action No. 99-2638, Memorandum Opinion of November 21, 2000 at 3, Exhibit 4 to Defendant's Motion for Summary Judgment. The plaintiff in this case waited 228 days from the notification of the reduction in force to file a complaint with the EEOC. See SMF ¶ 6; November 13, 2003 Letter from WMATA to Bhagwati Bansal, Exhibit 11 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. As such, his Title VII claim is time-barred, and the Court therefore will grant summary judgment for the defendant. See, e.g., Washington v. Washington Metro. Area Transp. Auth., 160 F.3d at 752.

In its second motion for summary judgment, defendant also argues that plaintiff cannot establish that he was a "qualified individual with a handicap" within the meaning of the Rehabilitation Act, Mot. at 9, and that WMATA is immune from suit under Section 1983. See Mot. at 13. As noted above, plaintiff has not responded to defendant's second motion and so the Court will treat these arguments as conceded, and grants summary judgment for the defendant on those claims. See Local Civil Rule 7(b).

A separate Order and Judgment shall issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   December 19, 2006