UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BHAGWATI P. BANSAL, | * |
| Plaintiff, | * |
| v. | *  C. A. No. 05-1696 (PLF) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * |
| Defendant. | * |

MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 19, 2006, DISMISSAL OF PLAINTIFF BANSAL'S CLAIMS

I.     INTRODUCTION

Plaintiff Bansal, by and through his counsel, seeks this Court's reconsideration of its dismissal of this civil action for counsel's failure to timely respond to its motion schedule. Plaintiff seeks an opportunity to present evidence for his Opposition to Defendant's motion for summary judgment.

Prior to the filing of Defendant's motion, counsel's associate left the firm. When counsel suffered health problems [1] he had difficulty working productively to keep up, and further interfering with counsel's productivity was his mother's illness and death on December 9, 2006. Counsel continues to work toward compliance with his obligations and files with that intention. Counsel suggests that his actions are within the range of excusable neglect. On behalf of Plaintiff Bansal, he respectfully requests this Court reconsider its December 19, 2006 Order dismissing his claims due to counsel's action

---

[1] Counsel is available to provide the Court his personal medical information, if requested.

Motions for reconsideration which are filed within ten (10) day period set for Fed. R. Civ. P. 59(e) should be treated as a motion to alter or amend judgment. <u>United states v. Emmoms</u>, 107 F.3d 762, 764 (10 Cir. 1997); <u>Small v. Hunt</u>, 98 F.3d 789. 797 (4th Cir. 1996). Such motion must be filed within ten (10) days of the judgment challenged. <u>Mashpee Wamponoag Tribal Council, Inc. v. Norton</u>, 336 F.3d 1094, 1098 (D.C. Cir. 2003).

This Court has considerable discretion in ruling on motions for reconsideration. <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996 (*per curiam*).

Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." <u>Ciralsky v. CIA</u>, 355 F.3d 661, 671 (D.C. Cir. 2004)(quoting <u>Firestone</u>, 76 F.3d at 1208). Further, the motion for reconsideration should not be merely an opportunity for reargument of facts or theories upon which the Court has already ruled." <u>New York v. United States</u>, 880 F.Supp. 37, 38 (D.D.C. 1995) Nor should such a motion be an opportunity for advancing arguments that could have be made earlier. <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276 (D.C. Cir. 1993).

Rule 59(e) allows a Court to reconsider a prior motion ruling for any reason provided by the party seeking such relief or based on its own determination that amendment of a prior Order may be appropriate. <u>Firestone</u>, 76 F.3d at 1208. Here, Plaintiff, through counsel, advances his reasons which warrant the Court's review of the Order. First, to avoid manifest injustice to a Plaintiff who has battled his employer for

over ten years in an effort to obtain reasonable relief, and this action civil action focuses on his involuntary termination, the ultimate adverse action.

Counsel admits that he has missed the deadlines on this last cycle of briefing, but offers his recent difficulties as explanation. Counsel points to the context of counsel's failures and respectfully requests that the Court not punish Plaintiff for his counsel's errors. [2]

Plaintiff also notes that he has also filed this day a motion in his other civil action, coming to date with the needed submissions. As part of that filing, he requested the Court to reconsider Plaintiff's motion to consolidate the two motions.

Respectfully submitted,

Gary T. Brown
D.C. Bar No 246314
Gary T. Brown & Associates, P.C.
320 Maryland Ave., NE
Washington, D.C. 20002
(202) 393-4900
Attorney for Plaintiff Bansal

---

[2] In his 22nd year of practicing in this Court, undersigned counsel knows that he has erred in failing to meet the deadlines set by this Court. Counsel would suggest that his health and personal situation explain his late filings. Although Plaintiff no longer seeks the broad changes he thought would improve WMATA, Mr. Bansal still seeks resolution of his individual claims and prays this Court provide him that opportunity.