IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BHAGWATI BANSAL | : | |
| Plaintiff, | : | |
| v. | | C.A. No. 05-1696 (PLF) |
| | : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | : | |
| Defendant. | : | |

### WMATA'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant WMATA hereby opposes Plaintiff's Motion for Reconsideration on the grounds that, even accepting plaintiffs' counsel's admitted neglect of this case, the Court fully considered Plaintiff's arguments in ruling on the substance of WMATA's Motion for Summary Judgment on the Second Amended Complaint.

The main thrust of WMATA's renewed Motion for Summary Judgment was that plaintiff's Second Amended Complaint was barred by the 180 day statute of limitations pursuant to the Supreme Court's decisions in Delaware State College v. Ricks, 449 U.S. 250 (1980) and Chardon v. Fernandez, 454 U.S. 6,8 (1981)  This argument was presented to the Court in response to WMATA's Motion for Summary Judgment on Plaintiff's First Amended Complaint, and Plaintiff fully briefed the issue.

The Court considered Plaintiff's briefing on the first Motion for Summary Judgment in ruling upon WMATA's Motion for Summary Judgment on the Second Amended Complaint and ruled against him.  Thus, Plaintiff had a full and fair opportunity to brief this legal issue and availed himself of it in a timely fashion.  There is

1

no reason to believe that Plaintiff would brief the issue differently if permitted to brief it again.

As the Court noted, WMATA raised two additional issues in its Motion for Summary Judgment on the Second Amended Complaint, namely that Plaintiff was not a qualified individual with a disability and that WMATA was immune from suit under Section 1983.  The Court treated these issues as conceded as a result of Plaintiff's failure to oppose them in a timely fashion as required by the Scheduling Order. Nonetheless, the resolution of the timeliness question provides an independent basis for entering judgment in favor of WMATA, and the Court's ruling on these unopposed issues was superfluous to its main ruling.   Accordingly, it is unnecessary for the Court to rule on the merits of Plaintiff's Motion for Reconsideration, even if it were to entertain Plaintiff's excuses.

                Respectfully Submitted,

                /s/
Bruce P. Heppen, No. 252171
Associate General Counsel, WMATA
(202) 962- 2569

David J. Shaffer
Assistant General Counsel
(202)-962-2820

600 Fifth Street, N.W.
Washington, D.C.  20001
Counsel for Defendant WMATA